SOUTH BUILDERS, INC., Appellant,

v.

Edwin L. BROWN et al., Appellees.

No. 4348.

Court of Civil Appeals of Texas.

Eastland.

Nov. 28, 1969.

Rehearing Denied Jan. 16, 1970.

Seay, Gwinn & Crawford, Durwood Crawford, Dallas, Andrews & Andrews, H. G. Andrews, Jr., Stamford, for appellant.

Maloney, Black & Hearne, Douglass D. Hearne, Austin, Ratliff & Ratliff, Dennis P. Ratliff, Haskell, for appellees.

COLLINGS, Justice.

Edwin L. Brown, Lonnie E. Williams and W. A. Peavy, doing business on a State highway project, as subcontractors under the firm name of Brown, Peavy and Williams Company, filed suit against South Builders, Inc., the prime contractor on the job, alleging breach of their written contract. The plaintiffs sought to recover the full contract price for all work performed on the Haskell County contract, lost profits and the reasonable rental value of certain equipment which was allegedly idle while plaintiffs waited for defendant to furnish necessary crushed rock before plaintiffs could perform their part of the resurfacing project. Plaintiffs also sought to recover from defendant for blading, grading and removing old concrete on a project in Jones County under a special contract with defendant. South Builders had previously filed a plea of privilege to be sued in Dallas County which was overruled in the trial court and on appeal. South Builders filed a cross action for claims of third parties against plaintiffs which it had paid, and for the excess cost over the contract price of completing plaintiffs' portion of the subcontract after plaintiffs, at defendant's direction, left the job.

The case was tried before a jury and based upon the verdict, judgment was rendered for plaintiffs for lost profits equaling the total amount anticipated for the whole Haskell County job; for idle equipment caused by appellant's delay in furnishing material as agreed; for the amount due on another contract in Jones County, for sums due for extra work, plus the full contract price for all work performed by plaintiffs on the Haskell County job prior to their discharge by defendant on September 25, 1967, and for attorney's fees. South Builders has appealed.

The Record shows that appellant, South Builders, entered into a contract with the State of Texas for resurfacing approximately ten miles of a highway in Haskell County, and thereafter entered into a contract with appellees to do dirt excavation work and preparation of the subgrade in final form prior to the laying of the surface materials thereon by appellant. The written contract between the parties provided that South Builders was to make payment of appellees' payrolls and various other costs as same were incurred by appellees, and that payments by South Builders of appellees' expenses were to be deducted from credits otherwise accruing to appellees as they performed the work; that the State of Texas allows credit and makes payment as the work is performed and such payments were credited to appellees as paid by the State. South Builders accounted to appellees in monthly estimates showing the work paid for by the State which was done by appellees and also showed the amount of expenses paid by South Builders on behalf of appellees. Under the written contract appellees were

to prepare the subgrade to State specifications to receive the first layer of roadway material; that preparation of the subgrade involved cutting down or filling up to a required level set by the State. Appellees also had the duty under the contract to achieve the proper density in the subgrade which involved processing the dirt and obtaining a proper mixture with water until it passed the State's density requirement. When this had been accomplished, it became South Builders responsibility under its contract with the State to follow with a surface material. In the ten miles of highway in the rural section of the Haskell County job the surface material required to be put down by South Builders consisted of a flexible base crushed rock. South Builders had difficulty in furnishing the required flexible base material which would meet the specifications of the State. It is undisputed that the State engineers would not permit appellees to begin excavation in that portion of the City section where flexible base was to go on the subgrade until August 14th. There was evidence to the effect that such flexible base material was not available on the rural portion of the contract until September 26, 1967. Appellees had continued working when possible on the job in the rural section and in the city section until September 25, 1967, at which time they were informed by a letter from South Builders that their work was not proceeding satisfactorily and, pursuant to an option provided in the contract, South Builders was taking over and would complete appellees' portion of the job, whereupon appellees removed all of their equipment and filed this suit.

The computation of the amount of the judgment for appellees was arrived at as follows:

Items and amounts claimed by appellees:

| | |
|---|---|
| For work done under Haskell County contract | $14,021.90 |
| For total anticipated profit (on Haskell County Contract) | 11,932.94 |
| Cost to appellees for idle equipment | 13,547.32 |
| Extra work (not questioned) | 12,805.00 |
| Attorney's fees | 5,000.00 |
| TOTAL | $57,307.16 |

Less Credits to South Builders:

| | |
|---|---|
| For payments, including pay-rolls, insurance, equipment rental and 3rd party accounts paid by appellant | $36,287.29 |
| Balance due appellees on Haskell job | 20,819.87 |
| Balance due appellees from computation of charges and payments on Jones County job | 3,104.69 |
| Total amount of judgment | $23,924.56 |

----◆----

In answer to special issue No. 18 the jury found that the reasonable profit which Brown, Peavy and Williams would have realized from the Haskell County job, except for interference by South Builders, was $11,932.94. As above indicated, this was one of the items included in the judgment for appellees. In its first 9 points appellant complains of the lack of pleadings, evidence and of the insufficiency of the evidence to support submission of issue number 18, or the answer of the jury thereto; that it was, therefore, error to enter judgment based thereon; that it was error to submit issue number 18 because it was based upon improper measure of damages in a suit on a partially completed contract; that the finding of $11,932.94 constituted all of plaintiffs' anticipated profit for the Haskell County job, which

was improper in this suit on a partially completed contract; that it was error to award plaintiffs their full estimated profits on the entire Haskell County contract and in addition to allow plaintiffs the full contract price for all work done on the job by plaintiffs in the amount of $14,021.90 until the date plaintiffs left the job, because this allows plaintiffs a double recovery of profits; and that the court erred in granting plaintiffs judgment for lost profits in the amount of $11,932.94, because stipulations of the parties and the answers to other special issues conclusively show that South Builders expended more in reasonable and necessary costs in completing plaintiffs' contract than the total contract price.

■ We sustain appellant's point contending that the evidence, considered as a whole, is insufficient to support the finding of the jury in answer to special issue 18, concerning the loss of anticipated profits, and that such finding is against the great weight and preponderance of the evidence. Appellees did testify they would have realized profits in the amount of $11,932.94 from the Haskell County job but for interference by South Builders. There was testimony from other witnesses which supported the conclusion that appellees did suffer a loss of profits because of appellant's delay in furnishing material. Appellees did not, however, present evidence specifying the amount of damages actually suffered. Mr. Peavy testified that at the time he bid on the Haskell job he and the other appellees expected to make a profit of $11,932.94, and he prepared a breakdown of such anticipated profit for his banker, which was introduced in evidence. This "breakdown" was made at the time of or shortly after the submission of the bid, and was merely an estimate of anticipated profits at that time. Mr. Peavy testified that appellees never attempted to calculate what portion of these profits they lost because of the delay experienced as the result of South Builders being unable to furnish the flexible base on time. The

evidence was not sufficient to support the finding in answer to issue number 18.

The rule concerning the measure of damages in a suit on a partially completed contract is stated as follows in 25 C.J.S. Damages § 78 at pp. 872 and 874:

> *"Performance partly completed according to contract.* Where performance has been entered on, plaintiff is entitled to the contract price for the work done under and according to the contract and to damages for being prevented from completing the contract; or, as the rule has been otherwise stated, where there has been part performance of the contract, the just claims of the party employed to do the labor or service are satisfied when he is recompensed for the part performed and is indemnified for his loss with respect to the part which is unexecuted. Where performance under the contract has advanced to a point where it may be determined from the contract what payment plaintiff is entitled to for the work already done, his measure of recovery is properly the contract price for the part of the contract which has been performed together with the profits which he has lost from being prevented from performing the remainder of the contract. * * *

> * * * It is clear that there cannot be an award for the profits which would have been earned by the performance of the entire contract and of compensation at the contract rate for part performance, * * *".

■ In Tower Contracting Company, Inc. v. Flores, 294 S.W.2d 266 (Tex.Ct. Civ.Apps., 1956, no writ history) the rule in such cases is stated as follows:

> " * * * the proper measure of damages, where the contractor sues *on the contract,* is * * * the contract value of the work actually done plus any profit the contractor would have made had he been permitted to complete the performance of his contract. * * * "

See also Nixon Construction Co. v. Downs, 441 S.W.2d 284 (Tex.Ct.Civ.Apps., 1969); Dankowski v. Cremona, 352 S.W. 2d 334, 336 (Tex.Ct.Civ.Apps., 1962 n. r. e.). Based upon the above authority and cases we agree with appellant's contention that the court erred in including in the judgment $11,932.94, in that, such amount constituted all of appellees' anticipated profits on the Haskell County job, and is an improper measure of damages in a suit on a partially completed contract; that the court erred in awarding appellees judgment for their estimated profits on the entire Haskell County job, and in addition, allowing appellees to recover the full contract price for the portion of the work done by them. The judgment allows appellees a double recovery of profits which is not permissible.

■ We next consider appellant's contention that the court erred in allowing appellees to recover attorney's fees. In Mundy v. Knutson Construction Company, 156 Tex. 211, 294 S.W.2d 371 (1956), it is held that attorney's fees are not recoverable either in an action in tort or a suit upon a contract unless provided by statute or by contract between the parties. New Amsterdam Casualty Company v. Texas Industries, Inc., 414 S.W.2d 914 (Tex.Sup. Ct.1967); Wm. Cameron & Co. Inc. v. American Surety Co., 55 S.W.2d 1032, (Tex.Com.App., 1932). The contract upon which appellees' suit was brought does not contain a provision authorizing a charge of attorney's fees.

Article 2226, Vernon's Ann.Civ.St. provides:

"Any person having a valid claim against a person or corporation for personal services rendered, labor done, material furnished, over-charges on freight or express, lost or damaged freight or express, or stock killed or injured, or suits founded upon a sworn account or accounts, may present the same to such person or corporation or to any duly authorized agent thereof; and if, at the expiration of thirty (30) days thereafter, the claim has not been paid or satisfied, and he should finally obtain judgment for any amount thereof as presented for payment to such person or corporation, he may also recover, in addition to his claim and costs, a reasonable amount as attorney's .fees, if represented by an attorney."

It is appellees' contention that the instant suit is based upon a claim arising out of a contract for (a) personal services rendered, or (b) labor done, or (c) material furnished, and that attorney's fees are recoverable under the provisions of Article 2226, supra.

The jury found that the reasonable value of the attorney's fees furnished appellees in this case was $5,000.00. The type of claim sued upon by appellees is, as found by the jury, that appellees hauled 26,298 yard quarters of overhaul on the Jones County job, performed 150 hours of dozing work of the reasonable value of $1,500.00 on the Jones County job, that South Builders had the exclusive use of appellees' D-6 cat dozer from July 15th through September 15, 1967, such use being of the reasonable value of $2,000.00, that appellees did 119 hours of stripping work on the Haskell County job of the reasonable value of $5,-355.00, that appellees stock piled for South Builders on the Haskell County job 15,000 cubic yards of foundation material of the reasonable value of $5,250.00, that the reasonable and necessary cost to appellees of keeping their equipment on the Haskell County job during periods of idleness was $13,547.32 and that the reasonable profit which appellees would have realized from the Haskell County job but for the interference of appellant was $11,932.94.

■ Appellees contend that of the above amounts each item represents a claim for personal services rendered, labor done or for material furnished as contemplated by Article 2226. We cannot agree

with this contention. None of the items listed involved a claim for services rendered, labor done or for material furnished. Van Zandt v. Fort Worth Press, 359 S.W.2d 893 (Tex.Sup.Ct.1962) involves facts very similar to those of the instant case. It was held in that case that Article 2226 is penal in character and to be strictly construed, and that advertising services performed by a newspaper corporation in preparing and publishing classified and display advertising did not constitute personal services or labor done within the statute authorizing recovery of attorney's fees by persons having a valid claim for personal services rendered or for labor done. It was stated by the court that "labor done" is but one form of "personal service rendered." The court noted that although some of the employees of Fort Worth Press, no doubt, performed personal services and labor, that their claims would be against their employer; that the claim on which suit was brought by Fort Worth Press was for advertising services and not for personal services. Chief Justice Calvert speaking for the court stated as follows:

"The claim may include charges for labor done (operation of machinery, etc.), personal services (art work, ad writing, etc), materials furnished (paper, ink, etc.), but it also includes, as in charges made by any solvent business, a margin of profit above recoupment of those costs and such other costs as taxes, insurance, etc. * * *

* * * The general common law rule is that in the absence of contract to the contrary every litigant will compensate his or its own counsel. Perhaps every successful litigant should be permitted to recover his attorney fees from the opposite party. But whether that policy would be wise is for the Legislature, not the courts, to decide. Apparently the Legislature has not thought it wise. But however that may be, the Legislature has not authorized a recovery of attorney fees in suits on claims such as that involved in this case. * *"

■ In the instant case the claims upon upon which appellees' suit is brought are for yards of overhaul, dozing work, the use of a D–6 cat dozer, for stripping work and stock-piling foundation material. Here, as in the Fort Worth Press case, the claims may include charges for personal services and labor by appellees' employees but the claims were not for personal services or labor done by appellees. In addition as in Fort Worth Press, the claim involved other charges necessarily included in the performance of the contract such as anticipated profits, etc. Article 2226 does not authorize a recovery of attorney's fees in such a case. We sustain appellant's points urging that the court erred in rendering judgment for appellees for attorney's fees.

In answer to Special Issues Nos. 15, 16 and 17 the jury found that appellees (15) were required by appellant to keep their equipment available on the Haskell County job from June 15, 1967 through September 27, 1967, (16) that such equipment was idle for a certain time during such period as a result of interference by appellant, and (17) that the reasonable and necessary cost to appellees of keeping their equipment in Haskell County during such periods of idleness was $13,547.32. In appellant's 11th point it is contended that the court erred in including in the judgment the cost for idle equipment as found by the jury because the evidence is insufficient to support such findings.

Appellee Peavy testified with respect to the requirement that appellees keep their equipment on the job from June 5, 1967 through September 27, 1967, that appellant directed appellees to keep their men and equipment on the job during that whole period of time. Appellees introduced in evidence Exhibit B to their pleadings which showed specifically the number of days that each item of equipment was used

on either the contract job or extra work and the amount of time each item of equipment was idle. They sued appellant for such idle time. Appellees arrived at the amount of idle time by subtracting the number of days the equipment was used from the total number of months (3½) and showed the remaining months as idle time. Mr. Peavy admitted that by charging idle time against appellant by the month instead of by days that appellant is charged with the days the equipment could not be used because of mechanical failure, non-working days such as Saturday, Sunday and holidays, days on which it was too wet to work, and delays caused by the breaking of water lines. There was no evidence showing the number of days that appellees worked on Saturdays, Sundays or holidays. The evidence indicated that there was a lot of rain on the job during the period of time in question and that such rain interferred with appellees' operation, but the number of days lost by reason of rain is likewise indefinite.

The burden of proof was on appellees to prove their damages in such detail that the jury could make an estimate of the damages with reasonable certainty. 17 Texas Jur.2d (damages) Sec. 227, 230. An examination of the record as a whole leads us to the conclusion that the evidence is insufficient to support the jury finding complained of. The evidence was not so definite and explicit as to give the jury a proper basis for computing the damages. The evidence allowed the jury to speculate to what extent the damages for idle equipment were attributable to appellant without a definite showing concerning damages attributable to defects in the equipment itself, to the breaking of water lines or to what extent attributable to appellees not choosing to work on Saturdays, Sundays and holidays. Appellant's 11th point is sustained.

For the reasons stated the judgment is reversed and the cause is remanded.