Lee WOLFMAN, Appellant,

v.

J. D. R. CORPORATION, Appellee.

No. 15938.

Court of Civil Appeals of Texas, San Antonio.

April 19, 1978.

John R. Shaw, Shaw & Benson, San Antonio, for appellant.

Ralph L. Bell, San Antonio, for appellee.

KLINGEMAN, Justice.

This is an appeal by Lee Wolfman from a judgment entered against him in favor of J.D.R. Corporation in the amount of $13,-000. Trial was to a jury who, in answer to the three special issues submitted, found: (1) that Plaintiff J.D.R. Corporation entered into an oral agreement with Defendant Lee Wolfman to construct a building in Bexar County, Texas; (2) that Plaintiff had an oral agreement with Defendant to be paid a fixed fee for constructing the building in question; and (3) the fixed fee agreed upon was $13,000.

Defendant, in his first two points of error, complains that the trial court erred in overruling his motion for instructed verdict, motion for judgment non obstante veredicto, and motion for new trial because plaintiff failed to present sufficient evidence to (a) support an oral building contract, or (b) prove an oral building contract. By his last point of error, defendant complains that the trial court erred in entering a judgment for $13,000 because there was no evidence as to lost profits necessary to support such an award.

█ It is clear from an examination of the record that the evidence as to whether there was an oral agreement: (1) to construct a building, and (2) to pay a fixed fee for such construction, is disputed and conflicting. Plaintiff's president testified that he and Wolfman made a deal to build a building for a fee of $13,000; that in connection therewith plaintiff did some work and had some expenses; that plaintiff was willing and able to build the building, but that someone else built the building.

Defendant Wolfman and his wife testified just as positively that there was no agreement to build the building, and that no fee for plaintiff was ever agreed upon. Upon the basis of this conflicting testimony, the jury found that there was an oral agreement to build the building and that a fixed fee of $13,000 was agreed upon for the construction of such building. The jury was the judge of the credibility of the witnesses and the weight to be given their testimony, and, clearly, under the evidence, there is some support to the jury's finding. Defendant's points of error Nos. 1 and 2 are overruled.

However, the question of the award of a judgment in the sum of $13,000 stands in a somewhat different position.

█ As a general rule, the proper measure of damages for breach of a contract such as we have here is the net profits plaintiff would have made had the contract been carried out. In other words, the gross contract proceeds less the cost to plaintiff in doing the work is the proper measure. *Deal Development Co. v. Amarillo Concrete Contractors, Inc.*, 554 S.W.2d 294 (Tex.Civ.App.—Waco 1977, no writ); *Dankowski v. Cremona*, 352 S.W.2d 334 (Tex.Civ.App.—Eastland 1961, writ ref'd n.r.e.); *South Builders, Inc. v. Brown*, 449 S.W.2d 542 (Tex.Civ.App.—Eastland 1969, writ ref'd n.r.e.); *Tower Contracting Company v. Flores*, 294 S.W.2d 266 (Tex.Civ.App.—Galveston 1956), *aff'd as modified*, 157 Tex. 297, 302 S.W.2d 396 (1957); *Wynnewood Development Co. v. Belmares*, 295 S.W.2d 441 (Tex.Civ.App.—Eastland 1956, no writ); 10 Tex.Jur.2d, *Building Contracts* § 63 (1960).[1]

---

1. "§ 63.—Loss of Profits. Loss of profits that he would have derived had he been permitted to perform may be recovered by the contractor where he has been prevented by the owner from completing the contract, or where he has justifiably abandoned further performance because of a breach by the owner, if this element of damages can be proved with reasonable certainty and was shown to be within the contemplation of the parties.

*Dankowski v. Cremona, supra,* was a suit for breach of a building contract. The sole point of error in the owner's appeal was that the proper measure of damages was not applied in the case. The appellate court reversed and remanded the case based upon the fact that the proper measure of damages was not applied, saying:

> Generally speaking, a plaintiff seeking to recover on the contract under circumstances such as here presented is entitled to recover an amount which would place him in a position equivalent to that which he would have occupied if there had been no breach, and the contract had been fully performed. This would compensate him for the damages suffered by reason of the breach of the contract (citations omitted). He is entitled to recover the contract price for the work done under and according to the contract if this can be established, and to damages sustained or profit lost by being prevented from completing the contract (citations omitted). He is not entitled to recover his expenses.

Plaintiff alleged that he had an agreement with defendant that he would construct a dress shop on defendant's land for $13,000; that he did preliminary work pursuant to the agreement, but construction was begun by another contractor, which constituted a breach of contract. It is undisputed that plaintiff did not build the building. Plaintiff testified that in connection with such matter he spent approximately sixty-seven hours, and had out-of-pocket engineering fees, a trip to Houston and back, telephone fees, and motel expenses in Houston, for a total of $3,972. The problem is that there is no evidence whatsoever as to what plaintiff would have made had he finished the construction, and there is nothing in the record whatsoever to determine the amount of plaintiff's lost profits.

Loss of profits is usually measured by the difference between the contract price and what it would have cost the contractor to carry out the contract in accordance with its provisions and the plans and specifications, and the probable cost of completing the work may be established by proof of the value of the material, labor, and skill required, with the cost of necessary labor and material determined as of the date of the breach, and of the reasonable value of the contractor's time that would have been used."

For the reasons stated, the judgment is reversed and the case remanded for another trial.