NO. 07-00-0355-CV

IN THE COURT OF APPEALS

FOR THE SEVENTH DISTRICT OF TEXAS

AT AMARILLO

PANEL D

APRIL 4, 2001

______________________________

ANTHONY GASTON,

Appellants

v.

FLINTLOCK CONSTRUCTION SERVICES OF TEXAS, INC., 

FLINTLOCK CONSTRUCTION SERVICES OF TEXAS, L.L.C

and HOWARD BONK, 

Appellees

_________________________________

FROM THE 151st DISTRICT COURT OF HARRIS COUNTY;

NO. 98-55759; HON. CAROLINE BAKER, PRESIDING

_______________________________

Before Boyd, C.J., Quinn and Reavis, JJ.

Anthony Gaston (Gaston) appeals from a final summary judgment denying him recovery against Flintlock Construction Services of Texas, Inc.
, 
Flintlock Construction Services of Texas, L.L.C.
, and Howard Bonk (collectively referred to as Flintlock).
(footnote: 1)  His sole issue concerns whether the trial court erred in granting summary judgment.  We reverse and remand for further proceedings.

Background

Gaston and Staclean Tile Service, a sole-proprietorship owned by Gaston, sued Flintlock for fraud and breach of contract.  The claims arose from an agreement allegedly executed by the litigants.  Via that contract, Gaston purportedly agreed to install carpet, tile and bathtubs in an apartment complex Flintlock was constructing.  However, Flintlock allegedly prevented Gaston from performing by retaining other entities to do the work.  Gaston deemed Flintlock’s conduct a breach of contract and fraud.  So, he sued.

Upon joining issue, Flintlock filed a no-evidence motion for summary judgment.  As to the claim of fraud, it contended Gaston had no evidence it “intended not to perform the alleged agreement” when it was executed.  Concerning the breach of contract allegation, the movant urged that Gaston had no evidence of damage because he could not “quantify his purported lost profits with reasonable certainty.”  The trial court agreed with Flintlock and granted the motion denying Gaston recovery upon each of his two causes of action.

On appeal, Gaston merely attacks the trial court’s decision 
vis-a-vis
 the claim of breached contract.  In doing so, he argues that he presented sufficient evidence of damage or lost profit to raise a material issue of fact.    

Standard of Review

The standards of review applicable to reviewing summary judgments in general and no evidence summary judgments in particular are rather settled and need not be reiterated.  It is sufficient to merely cite the parties to 
Lear Siegler, Inc. v. Perez, 
819 S.W.2d 470, 471 (Tex. 1991) and 
Kimber v. Sideris,
 8 S.W.3d 672, 675 (Tex. App. – Amarillo 1999, no pet.) for an explanation of same.

Next, the damage in question is the lost profit which Gaston would have allegedly received from performing the particular agreement had Flintlock not breached it.  It is clear that a party to a contract who is injured by its breach may recover same.  And, though there may be a myriad of ways to prove such damage, the actual measure is represented by the difference between the sum the injured party was to receive less the expenses it would have incurred had it performed.  
Holt Atherton Indus., Inc. v. Heine
, 835 S.W.2d 80, 83 n.1 (Tex. 1992); 
St. Paul Surplus Lines, Ins. Co. v. Dal-Worth Tank Co.
, 917 S.W.2d 29, 60 (Tex. App.--Amarillo 1995), 
rev’d. in part on other grounds,
 974 S.W.2d 51, 53 (Tex. 1998).   Moreover, the loss need not be susceptible to exact calculation.  
Texas Instruments, Inc. v. Teletron Energy Management, Inc.
, 877 S.W.2d 276, 279 (Tex. 1994) 
(
quoting 
Southwest Battery Corp. v. Owen
, 115 S.W.2d 1097 (Tex. 1938); 
Holt Atherton Indus., Inc. v. Heine
, 835 S.W.2d at 84; 
St. Paul Surplus Lines, Ins. Co. v. Dal-Worth Tank Co.
, 917 S.W.2d at 60).  Rather, it is a highly fact intensive matter which need only be established through evidence sufficient to permit its calculation with reasonable certainty.  
Id.
  And, to the extent that the evidence consists of opinions or estimates, those opinions and estimates must be founded upon objective facts, figures, or data from which the amount can be ascertained.  
Id.
  

For instance, in 
Frank B. Hall & Co. v. Beach, Inc.
, 733 S.W.2d 251 (Tex. App.--Corpus Christi 1987, writ. ref’d n.r.e.), the claimant presented evidence illustrating the total dollar amount of business it would have received from a particular entity had the breach not occurred.  That amount was $377,414.  
Id.
 at 258.  Added to this was testimony from the claimant’s president to the effect that the “costs” of performing approximated “30%” of the $377,414 sum, while the remaining “70%” equaled the expected profit.
(footnote: 2)  
Id.
  In determining whether this testimony was sufficient to support the jury’s award of $240,000 as lost profit, the court expressly held that it was.  
Id. 
 In so holding, the court implicitly determined that testimony quantifying expenses as a percentage of the overall contract price satisfied the requirements of 
Holt Atherton
 and 
Texas Instruments
 and their predecessors.  This is true even though the individual costs comprising the percentage apparently went unmentioned.

Application of Standard

In response to the motion for summary judgment, Gaston attested that 

. . . the price agreed upon was $315,722.82, which included labor and materials.  Based on the cost of the materials at the time and in this geographical area along with my anticipated cost of labor necessary to perform the work in a good and workmanlike manner and in a timely fashion, I expected to be able to net $60 per tub, $1 per square yard for carpet, $.40 per square foot on vinyl composition tile, $3 per square foot on ceramic tile installation for two restrooms and $2 per square foot on ceramic tile installation for the pool area.  My net for the job would have been $58,330.59.

Given the foregoing, we see that the record contains evidence of the total amount due Gaston from Flintlock and his net profit.  The former is $315,722.82 while the latter equals $58,330.59.  From these two sums one can also derive the expense Gaston expected to incur in performing.  That expense is calculated by subtracting the net profit ($58,330.59) from the amount payable by Flintlock ($315,722.82) which leaves a sum of $257,392.23.
(footnote: 3)  So, before us, there is evidence of the total due Gaston less his expense or, in other words, Gaston’s lost profit.

Yet, Flintlock contends that its opponent’s evidence failed to satisfy his summary judgment burden.  This is so because Gaston failed to disclose the cost of labor and materials attributable to each component of work he contracted to perform.  In other words, Flintlock contends that one cannot prove lost profit unless he does more than merely disclose his total expense.  Rather, each component of that expense must also be revealed.  We disagree for several reasons.  First, that is not what occurred in 
Frank B. Hall
.  Indeed, the company president merely stated that the expenses approximated “30%” of the overall contract price.  What comprised that “30%” went unmentioned.  Yet, reference to the “30%” coupled with the evidence of the total contract price and the application of mathematics led the appellate court to nevertheless hold that the claimant produced sufficient evidence to support the jury’s award of lost profit.  

Second, and as asserted by Flintlock, the case of 
Wolfman v. JDR Corp.
, 567 S.W.2d 235 (Tex. Civ. App.--San Antonio 1978, no writ) does allude to the “value of the material, labor and skill required” in assessing the probable cost of completing the work.  
Id.
 at 236 n.1.   Yet, in alluding to them, the court states that they “
may be
” used to establish the cost of completing the work.  
Id.
 (emphasis supplied).  It does not state that the particular sums attributable to material, labor and skill 
must be
 presented into evidence before it can be said the claimant satisfactorily proved his lost profit.  Indeed, 
Holt Atherton
 and 
Texas Instruments
 simply state that evidence be offered illustrating how lost profit was calculated.  Furthermore, there is nothing in the record depicting that Gaston failed to describe how he derived his supposed lost profits or that he omitted the cost of materials, labor and skill from his calculations.  The contrary is quite true for he expressly stated that his analysis was “[b]ased on the cost of the materials at the time and in this geographical area along with [his] anticipated cost of labor necessary to perform the work.”
(footnote: 4)  So, what we have before us is evidence illustrating how Gaston determined his lost profit, which evidence was found missing in 
Szcepanik v. First State Trust Co.
, 883 S.W.2d 648 (Tex. 1994).

Third, all must remember the dictate that lost profits need not be determined with exact certitude.   
Texas Instruments, Inc. v. Teletron Energy Management, Inc.
, 
supra
; 
Holt Atherton Indus., Inc. v. Heine
, 
supra
; 
St. Paul Surplus Lines, Ins. Co. v. Dal-Worth Tank Co.
, 
supra
.  By demanding that each component of the overall expense be revealed, Flintlock is requiring exact certitude.  The court in 
Frank B. Hall
 did not demand as much; merely stating that expenses comprised a percentage of the overall contract price was deemed enough.  
See Holt Atherton Indus., Inc. v. Heine
, 835 S.W.2d at 84 (stating that while supporting documentation of the expenses may affect the weight of the evidence, it is not necessary to produce in court the documents supporting the opinions or estimates).  And, like the 
Frank B. Hall
 court, we do not believe that each component of the expense need be described via a specified dollar amount for the complainant to prove lost profits.

In sum, the record contains some evidence of Gaston’s lost profits.  So, the trial court erred in awarding summary judgment on the claim of breached contract.  Accordingly, that portion of the summary judgment denying recovery upon the claim of breached contract is reversed and remanded for further proceedings.  In all other respects, the judgment is affirmed.

Brian Quinn

    Justice

Do not publish.        

FOOTNOTES
1:
Bonk and Flintlock Construction Services, Inc. objected to the allegedly belated joinder of Flintlock Construction Services, L.L.C.  The record does not reflect that the trial court addressed the complaint and removed Flintlock Construction Services, L.L.C. from the cause.  It merely discloses that summary judgment was granted in favor of the defendants.  Consequently, we assume for purposes of this appeal that Flintlock Construction Services, L.L.C. was a party to the suit when the trial court entered its judgment.

2:
According to the court, Beach’s president testified that “Beach’s costs [were] 30%.”  
Frank B. Hall & Co. v. Beach, Inc.
, 733 S.W.2d 251, 258 (Tex. App.--Corpus Christi 1987, writ ref’d. n.r.e.
)
.  Nothing is said of the particular expenses comprising the 30% figure.

3:
It is reasonable to infer that the difference of $257,392.23 constitutes the expense of performing due to Gaston’s use of
 
the term “net” in calculating his profit.  That word connotes the difference between gross income or proceeds and the expense.  
See Wolfman v. J.D.R. Corp.
, 567 S.W.2d 235, 236 (Tex. Civ. App.–San Antonio 1978, no writ) (describing “net profits” as the “gross contract proceeds less the cost to plaintiff in doing the work”).
  So, in informing us of his “net” profit, Gaston effectively attested that he subtracted his prospective expense from the total sum Flintlock supposedly agreed to pay. 

4:
That Gaston indicated at one time that he could not accurately calculate his labor costs is of no consequence given the standard of review.  Because this is an appeal from a summary judgment, we must view the evidence in the light most favorable to the non-movant and disregard all evidence which conflicts with that view.  
Lear Siegler, Inc. v. Perez, 
819 S.W.2d 470, 471 (Tex. 1991).