## HORN v. MATAGORDA COUNTY et al.
### (No. 89–2898.)

(Commission of Appeals of Texas, Section B. June 11, 1919.)

1. HIGHWAYS ⬤⟿90—ROAD DISTRICTS—PROCEEDS OF BONDS—BREACH OF CONTRACT.

In view of Rev. St. 1911, tit. 18, c. 2, relating to the creation of road districts, and articles 637, 638, relating to suits by and against them, and article 639, relating to their power to contract, a road district fund, derived from the sale of bonds legally issued for maintaining roads, is subject to payment of damages for breach of contract made by the proper officers to carry out the authorized purposes for which the bonds were voted.

2. HIGHWAYS ⬤⟿96(1)—ROAD DISTRICTS—LIABILITIES.

Upon contracts within the scope of the powers of road districts or other public corporations duly made by their proper officers, such corporations are liable in the same manner as private corporations or natural persons, and such contracts cannot be breached with impunity, even when the Legislature has assumed to authorize it.

3. HIGHWAYS ⬤⟿113(4)—ROAD DISTRICTS—REMEDIES TO CONTRACTORS.

Contractors having contracts with road districts or other public corporations have the same ordinary remedies as are open to parties to private contracts.

4. DAMAGES ⬤⟿1—BREACH OF CONTRACT.

Damages allowed for breach of contract are simply the judicial method of satisfying the contract.

5. HIGHWAYS ⬤⟿113(4)—ROAD DISTRICTS—LIABILITIES—BREACH OF CONTRACT—REMEDIES OF TAXPAYERS.

That a road district fund derived from the sale of bonds may become subject to recoveries for breach of contract, and so be dissipated without accomplishing the purposes for which raised, is no defense to an action against the district by a contractor for breach of contract, the taxpayers having their remedy against the officers acting for the district.

Error to Court of Civil Appeals of First Supreme Judicial District.

─────────────────────────────────────────────

⬤⟿For other cases see same topic and KEY-NUMBER in all Key-Numbered Digests and Indexes

Action by W. R. Horn against the County of Matagorda and Matagorda County Road District No. 2, a road corporation. From an order of the Court of Civil Appeals (182 S. W. 76), reforming and affirming a judgment in the district court against the road corporation, plaintiff brings error. Judgment of the Court of Civil Appeals reversed, and district court judgment affirmed.

Gaines and Corbett, of Bay City, for plaintiff in error.

Krause & Wilson and W. E. Davant, all of Bay City, for defendants in error.

McCLENDON, J. The following statement of the case is adopted from the opinion of the Court of Civil Appeals:

"W. R. Horn brought this suit against Matagorda county, and Matagorda county road district No. 2, a road corporation, organized under, and exercising the rights and powers conferred by, article 627 of the Revised Statutes of 1911, to recover the sum of $1,885.50, for damages alleged to have been suffered by him by reason of the breach of a certain contract entered into between him and said road district for the hauling and distribution of certain mud shell upon the roads of said road district.

"Matagorda county was dismissed from the suit before the trial.

"Judgment was rendered against the road district in favor of W. R. Horn for the sum of $550. The judgment also directs that a proper warrant be issued by the proper officers and delivered to Horn, to be paid out of the proceeds arising from the sale of road bonds issued and sold by said road district, under the provisions of said article 627, 'for the purpose of constructing and maintaining, and operating macadamized, graveled or paved roads and turnpikes, or in aid thereof.'"

Upon appeal to the Court of Civil Appeals for the First District, the judgment was reformed and affirmed, that court holding that the money judgment was valid, but that the fund derived from the sale of bonds was not chargeable with a claim for damages for breach of contract. 182 S. W. 76. No question is raised as to the legality of the organization of the road district, or the validity or binding effect of the contract. The record presents but one question, viz. whether the fund derived from the sale of bonds legally issued "for the purpose of constructing, maintaining, and operating macadamized roads, graveled or paved roads and turnpikes, or in aid thereof," can be subjected to the payment of damages for breach of a contract made by the proper officers acting within the scope of their powers, and designed, if carried out, to aid in accomplishment of the authorized purposes for which the bonds were voted.

[1] Chapter 2 of Title 18 of the Revised Statutes of 1911 authorizes the creation of road districts, defines their purposes and powers, and designates the officers charged with the duty of administering their funds, which are derived solely from the sale of bonds. By article 637, such districts are made and created bodies corporate "which may sue and be sued in like manner as counties." Article 638 provides that they shall not be liable for torts. Regarding the power to contract, article 639 provides:

"The county commissioner, in whose commissioner's precinct such political subdivision or defined district, now or hereafter to be described and defined is located, shall be ex officio road superintendent of said road district, with power to contract for and in behalf of such road district; provided, such contracts shall not exceed the sum of $50, which shall be approved by the commissioners' court, and all contracts exceeding the sum of $50 shall be awarded by the entire court, which contracts shall be binding on said county, political subdivision or defined district."

These articles, we believe, leave no room for construction, in so far as applied to the instant controversy.

[2, 3] Within the purpose for which these districts are created, and for which funds are raised, we believe the following general rules relating to contracts of municipal corporations apply:

"Upon an authorized contract—that is, upon a contract within the scope of the charter or legislative powers of the corporation and duly made by the proper officers or agents—they are liable in the same manner and to the same extent as private corporations or natural persons." Dillon, Munic. Corp. (5th Ed.) vol. 4, § 1610.

"Municipal contracts, being upon the same footing as those of natural persons, may not be breached with impunity, even when the Legislature has assumed to authorize it." 28 Cyc. 683.

"Remedies to contractors under municipal contracts are those ordinary ones open to parties to private contracts: (1) Actions to recover damages for breach of contract," etc. 28 Cyc. 684.

[4] As was said by the Supreme Court in granting the writ of error in this case:

"Since the amount due Horn was for the breach of a contract which the road district was authorized to make and apply its funds in satisfaction of, we think the amount was a legal charge upon said funds. Damages allowed for the breach of a contract are simply the judicial method of satisfying a contract."

The decision in Nugent v. Levee Commissioners, 58 Miss. 197, cited by the Court of Civil Appeals, has no application to the present case. That was a suit to recover in tort for alleged improper construction of a levee, by which lands of the plaintiffs were damaged. We have no doubt of the correctness of the conclusion reached in that case, especially when applied to the corporation whose powers were under investigation. The principles there announced have no application, and were clearly not intended to

apply to an action predicated upon breach of a contract within the powers of the corporation and legally executed.

[5] It may be true that to hold the fund derived from a sale of bonds subject to recoveries for breach of contract might in some instances result in a dissipation of the fund without accomplishing the purposes for which it was raised. Such dissipation might also result from unwise or improvident expenditure of the fund. But these possible results are risks assumed by the taxpayers when they accept the benefits of the statute by voting the tax. Their remedy in a proper case is against the officers the law designates to act for the district. The possibility of such results is no answer to the legal claims of those who have contracted upon the faith of the statute with the officers clearly authorized to bind the district and its funds.

We, therefore, conclude that the judgment of the Court of Civil Appeals should be reversed, and the judgment of the district court affirmed.

PHILLIPS, C. J. The judgment recommended by the Commission of Appeals is adopted and will be entered as the judgment of the Supreme Court.

---

⟨⟩For other cases see same topic and KEY-NUMBER in all Key-Numbered Digests and Indexes