### LIVE OAK DAIRY CORPORATION v. KAASE.

### No. 8692.

Court of Civil Appeals of Texas. San Antonio.

Dec. 9, 1931.

Rehearing Denied Feb. 3, 1932.

T. H. Miller, of George West, for appellant.

L. A. Rizer, of George West, and M. A. Childers, of San Antonio, for appellee.

SMITH, J.

The case is well stated in the trial judge's findings of fact, which are not questioned here, as follows:

"1. That on, or about the 20th day of November, 1927, the defendant, 'Live Oak Dairy', a private corporation, * * * entered into a verbal agreement, by its President, James E. Ferguson, with the plaintiff, Louis Kaase, by the terms of which agreement, the plaintiff agreed to plow certain 118 acres of land in Live Oak County, Texas, for the defendant; that the defendant, Live Oak Dairy, by its President, James E. Ferguson, agreed to pay plaintiff for such work, a reasonable price; that plaintiff did plow said 118 acres of land, as agreed upon, and that said work was reasonably worth the sum of $590.00.

"2. That on, or about February 20th, 1928, the defendant * * * entered into a verbal agreement with the plaintiff, Louis Kaase, for the plaintiff to grub, plow and drag 78 acres of land in Live Oak County, Texas, for the defendant, at and for the price of $20.00 per acre for a completed job; that, as a part of said agreement, the defendant agreed to pay the plaintiff at the end of each week, while the work was progressing, for all the work done that week, in proportion to the work to be done, under said agreement, to enable the plaintiff to pay labor bills incurred in such work; that plaintiff completed the grubbing of said 78 acres of land and plowed 30 acres thereof; that the defendant did not make the weekly payments agreed upon, in said contract, but breached the contract in that regard which breach, ipso facto, relieved the plaintiff from further performance of his contract, and that the work done under said agreement was reasonably the sum of $1,086.00.

"3. That the work done and performed by plaintiff for the defendant, under and by virtue of said agreements was reasonably worth $1676.00, and from which sum a deduction should be made of $380.00, the amount paid on said agreements, by defendant to plaintiff, leaving a balance due plaintiff from the defendant of $1296.00."

Upon these findings the trial judge based his conclusions of law, as follows:

"1. The verbal agreement between the Live Oak Dairy, * * * with plaintiff Louis Kaase, to plow 118 acres of land for the defendant was a valid and binding contract.

"2. The verbal agreement between the Live Oak Dairy, * * * and Louis Kaase, for grubbing, plowing and dragging of 78 acres

of land for the defendant, at the price of $20.00 per acre, was a valid and binding contract, enforceable in law, and the plaintiff is entitled to recover for the work done on that agreement per Quantum Meruit.

"3. The agreement to pay to plaintiff each week, for work done on said contract, having been breached by the defendant, the plaintiff was not required to complete the work on the 78 acres of land, but is entitled to receive a reasonable sum of money for the work already done thereon."

The corporation brings this appeal.

■ The facts being undisputed, we think the court correctly applied the law thereon. Appellant contends that the agreement concerning the 78-acre tract constituted an indivisible contract, and that inasmuch as appellee did not perform all the obligations imposed upon him by the agreement he could not recover for part performance on a quantum meruit. We overrule this contention. The failure of appellee to complete performance in accordance with the agreement was occasioned by the conduct of appellant in breaching the contract, and by this breach preventing appellee from further performance. In this situation appellee was entitled to recover upon quantum meruit for the services he had performed. 10 Tex. Jur. §§ 255, 257, 259, 261, pp. 410, 442, 445, 449.

■ Appellant also complains of the measure of damages applied by the trial court. Appellee had the election of suing to recover the reasonable value of his services, as he did, or of suing to recover the difference between the amount actually paid him and the amount he would have been entitled to upon the whole contract. Appellant cannot complain that appellee chose to sue for the smaller amount. 10 Tex. Jur. §§ 217, 218, 272, pp. 383–386, 468.

The judgment is affirmed.