Heinrich DANKOWSKI et ux., Appellants,

v.

A. C. CREMONA, Jr., Appellee.

No. 3670.

Court of Civil Appeals of Texas.

Eastland.

Dec. 8, 1961.

Rehearing Denied Jan. 5, 1962.

Edward S. Atkinson, Houston, for appellants.

Gerald P. Coley, Houston, for appellee.

COLLINGS, Justice.

This suit was brought by A. C. Cremona, Jr., doing business as Ace Building Company, against Heinrich Dankowski and wife, Marty Dankowski, for breach of a building contract. Plaintiff alleged that the parties had entered into a contract for the partial construction of a house for the agreed amount of $5,060.00; that a down payment of $2,500.00 was made by defendants at the beginning of the construction; that plaintiff had substantially performed and completed more than eighty percent of the work to be performed under the contract and never received any further payments; that although plaintiff was, at all times, ready, willing and able to carry out all the terms of the contract, defendants refused to permit plaintiff to continue the completion of the house; that they renounced the contract and unconditionally refused to allow him to return to the premises. Plaintiff alleged that such conduct on the part of defendants constituted a breach of the contract and sought to recover the entire balance provided by the contract in the sum of $2,560.00. In the al-

ternative plaintiffs sought to recover on the alleged implied promise of the defendants to pay to plaintiff the reasonable value of the work done and material furnished, and under that theory sought to recover the said sum of $2,560.00.

The case was tried before a jury and, based upon the verdict, judgment was entered for the plaintiff in the sum of $1,167.-25. Heinrich Dankowski and his wife have appealed.

No statement of facts has been filed. In lieu of a statement of facts, the parties filed an agreed statement which is in substance as follows: (1) that plaintiff had a written contract with defendants to construct a house, and that in consideration therefor defendants agreed to pay to plaintiff $5,060.00; (2) that defendants paid the sum of $2,500.00 to plaintiff on said contract; (3) that the defendants prevented the completion of the work according to the terms of the contract and that this constituted a breach of the contract; (4) that the answers of the jury to special issues submitted were as follows: that $4,167.26 was expended or incurred by A. C. Cremona, Jr., in the performance of the contract; that the reasonable value of the work performed and the materials furnished to defendants under the contract was $2,739.00; that plaintiff failed to perform the work under his contract with the defendants in a good and workmanlike manner; that there existed omissions and defects in the work performed by plaintiff, A. C. Cremona, Jr., subject to being remedied; and that the reasonable cost of remedying the defects and omissions was $500.00.

The judgment for appellee in the sum of $1,167.25 was based upon the $4,167.26 found to have been expended by appellee in performance of the contract, less $500.00 for the cost of remedying defects and omissions, and less the $2,500.00 already paid by appellants.

Appellants present one point of error in which it is urged that the court erred in

using an improper measure of damages in arriving at a judgment, that is, that the court erred in measuring damages on the basis of what appellee spent or incurred in the way of expenses when the proper measure of damages should have been the reasonable value of the work done and the material furnished to the appellants. Appellee contends that the court properly computed the damages sustained by him on the basis of the jury finding concerning the amount he had expended in the performance of the contract. We cannot agree with the appellee's contention.

■ Appellee had performed part of the contract and was wrongfully prevented from performing the remaining part thereof. This constituted a breach by appellant and appellee was entitled to recover the damages suffered because of the breach. Appellee sought to recover both on the contract and on quantum meruit for the reasonable value of the work and materials furnished. Where there has been a partial performance by one of the parties to a contract and further performance is wrongfully prevented by the other party, and the rights of the parties in such circumstances can be determined from the contract, the injured party may recover either on the contract or in quantum meruit, at his election. Live Oak Dairy Corporation v. Kaase, Tex.Civ.App., 45 S.W.2d 657 (Writ Ref.); 13 Tex.Jur.2d 552.

The jury found that $4,167.26 was expended and incurred by appellee in the performance of the contract. The court granted appellee judgment for $1,167.26, which amount was ascertained by deducting from the $4,167.26 expended by appellee the reasonable cost of remedying defects and omissions in the work and the amount already paid by appellants. Contrary to appellee's contention, this is not the correct measure of damages in a suit on the contract.

■ Generally speaking, a plaintiff seeking to recover on the contract under circumstances such as here presented is entitled to recover an amount which would place him in a position equivalent to that which he would have occupied if there had been no breach, and the contract had been fully performed. This would compensate him for the damages suffered by reason of the breach of the contract. 13 Tex.Jur.2d 129, 267, 268; Horn v. Matagorda County, Tex.Com.App., 213 S.W. 934. He is entitled to recover the contract price for the work done under and according to the contract if this can be established, and to damages sustained or profit lost by being prevented from completing the contract. 25 C.J.S. Damages § 78, pp. 578, 579. He is not entitled to recover his expenses.

Appellee particularly relies upon the case of Osage Oil & Refining Company v. Lee Farm Oil Company, Tex.Civ.App., 230 S.W. 518 (Writ Ref.), as authority in support of his contention that he is entitled to recover for the expenses incurred in the performance of the contract up to the time of the breach. That case is distinguishable from the instant case and does not support appellee's contention. The Osage Company had agreed in the contract to furnish fuel and water necessary to drill the well and to pay $3.00 per lineal foot for the drilling. The contractor was by the terms of the contract entitled to expenses incurred for fuel and water in addition to the profits which he would have made out of the contract. There is no such provision in the instant contract case.

For the reasons stated, the judgment is reversed and the cause is remanded for another trial.