NO. 07-04-0521-CV

IN THE COURT OF APPEALS

FOR THE SEVENTH DISTRICT OF TEXAS

AT AMARILLO

PANEL E

MARCH 20, 2006

_____

DARIS WHITE,

Appellant

v.

BAPTIST ST. ANTHONY'S HOSPITAL, A NON-PROFIT CORP.,

Appellee

_____

FROM THE 47TH DISTRICT COURT OF POTTER COUNTY;

NO. 90,444-A; HON. HAL MINER, PRESIDING

_____

*Opinion*

_____

Before QUINN, C.J., REAVIS, J., and BOYD, S.J.[1]

Daris White (White) appeals from the trial court's dismissal of her medical malpractice claim against Baptist St. Anthony's Hospital (BSA) and denial of her request for a 30-day extension of time to submit an adequate expert's report. Through three issues, she contends that the trial court abused its discretion in 1) reconsidering its prior

_____

[1]John T. Boyd, Chief Justice (Ret.), Seventh Court of Appeals, sitting by assignment. TEX. GOV'T CODE ANN. §75.002(a)(1) (Vernon 2005).

decision to initially deny BSA's motion to dismiss, 2) relying on previously non-existent case law and standards to hold the expert's report deficient, and 3) refusing to afford her 30 days to correct the deficiency or otherwise hold a hearing on her motion requesting such relief. We affirm the judgment of the trial court.

*Reconsideration of Prior Order*

Regarding the first issue, White believes that the trial court was duped into reconsidering its prior decision to deny BSA's motion to dismiss. It was purportedly duped by BSA's representation that the court had not memorialized its ruling upon the motion when it actually had. And, because the trial court had actually ruled upon the motion, BSA's sole avenue for relief, according to White, was either to perfect an interlocutory appeal or petition for a writ of mandamus.

Both contentions, however, are founded upon the notion that the trial court lacked the authority to reconsider its previous interlocutory decision. Yet, White cites us to no authority so holding. Nor does she inform us of any authority suggesting that 1) a litigant cannot move a trial court to reconsider a previous interlocutory decision or 2) a party disagreeing with an interlocutory decision of a trial court may test same only through an interlocutory appeal or a petition for mandamus relief. This may be so because a trial court has plenary jurisdiction to reconsider its interlocutory rulings, like that at bar, and retains that ability until a final judgment or order is entered in the cause and the decree becomes final. *Fruehauf Corp. v. Carrillo*, 848 S.W.2d 83, 84 (Tex. 1993); *Orion Enterpr., Inc. v. Pope*, 927 S.W.2d 654, 658 (Tex. App.–San Antonio 1996, orig. proceeding). Given this, the trial court had the authority to reconsider whether to grant BSA's motion to dismiss, and we overrule the first issue.

2

*Reliance on Changed Law*

Regarding the allegation that the trial court tested the validity of her expert's report against "case law and standards that had not existed at the time the report was approved," we again note the absence of citation to authority supporting White's position. So too does she fail to inform us of the new standards of which she complains or how they or the new case law actually changed anything. So, her contention is insufficiently briefed and, therefore, waived. *See* TEX. R. APP. P. 38.1(h) (stating that the brief must contain clear and concise argument supported by appropriate citation to authority); *Franklin v. Enserch, Inc.,* 961 S.W.2d 704, 711 (Tex. App.–Amarillo 1998, no pet.) (holding that by presenting attenuated, unsupported argument, the complaint is waived).

*Error in Denying Grace Period*

As to the matter of affording White leave to submit a sufficient expert's report, we address the question of a hearing first. Again, White posits that the trial court was obligated to afford her a hearing upon her request for a 30-day grace period. We overrule this contention for the following reasons.

The record shows that White had filed a written response to BSA's motion for reconsideration and therein sought the grace period in question. Subsequently, the trial court convened a hearing on October 8, 2004, to consider BSA's motion. During this October 8th hearing and after the trial court decided that the hospital's contentions were accurate, White, via her counsel, twice mentioned her pending request for the "30 day grace period" to correct the deficiencies. After briefly discussing the request with her counsel, the trial court denied it and informed those present of its decision to dismiss the

cause. So, as can be seen, White's application for the grace period was indeed considered at a hearing. And, to the extent that she may take issue with the time allotted for consideration of it, she uttered no objection encompassing that ground before the hearing ended. Nor, at the hearing, did she either 1) solicit opportunity to present argument and evidence on the topic before the trial court ruled or 2) object to the decision to rule before she had opportunity to present same. So contrary to White's argument, her request was entertained at a hearing, and to the extent she complains about the tenor of the proceeding, she failed to contemporaneously object to it and thereby preserve that complaint. *See* TEX. R. APP. P. 33.1(a) (requiring a timely complaint to preserve error).[2]

As to the contention that the trial court abused its discretion in denying the 30-day grace period, we note that the burden lies with the party soliciting same to illustrate that the deficiencies within the initial report were neither intentional nor the result of conscious indifference. *See* Act of May 5, 1995, 74th Leg., R.S., ch. 140, 1995 Tex. Gen. Laws 985-87 (formerly art. 4590i, §13(g) of the Texas Revised Civil Statutes) (stating that if after hearing, the court finds that the failure of the claimant was not intentional or the result of conscious indifference but was the result of an accident or mistake, the court shall grant a grace period of 30 days to permit the claimant to comply). No such evidence was presented at the October 8th hearing, however. Nor, as previously mentioned, was

---

[2]We note that White did complain about the tenor of the hearing in her own motion for reconsideration filed after the trial court signed its order dismissing the suit. Yet, nowhere in the motion did she explain why she did not request opportunity to present evidence or argument at the hearing. Nor did she suggest that such evidence or argument was unavailable at the time. And, most importantly, to the extent that the motion was overruled by operation of law, TEX. R. CIV. P. 329b(c) (stating that a post-judgment motion seeking to modify the judgment is overruled by operation of law if it is not resolved by written order signed within 75 days after the judgment was signed), White does not complain about that decision on appeal.

opportunity to present such evidence at that hearing sought by her. So, it cannot be said that she carried her burden.[3]

Finally, the sum and substance of appellant's reasons for believing herself entitled to the grace period involve the trial court's subsequent realization that White's expert report did not satisfy the requirements of law. That the trial court was initially mistaken about the sufficiency of the report has little bearing on whether White established her entitlement to the grace period, however. This is so because the pertinent circumstances are those which existed at the time the report was filed.

It is clear that statute required a plaintiff to tender a sufficient expert's report within 180 days of filing suit. *See* Act of May 5, 1995, 74th Leg., R.S., ch. 140, 1995 Tex. Gen. Laws 985-87 (formerly article 4590i, §13.01(d) of the Texas Revised Civil Statutes) (affording the plaintiff 180 days of the date suit was filed to provide each defendant physician and health care provider with an expert report and the expert's resume). And, it was the failure to comply with that edict which triggered the possible application of §13.01(g). In other words, the "failure" alluded to in §13.01(g) pertained to the failure to file a sufficient report within 180 days of suit. Thus, logically, the focus must lie not upon what may have occurred after the report was filed but upon the reasons and mindset of the plaintiff *at the time it was filed*. And, the only reason we know of for White tendering the report at issue presumably was her belief that it satisfied the applicable statutory requirements. Yet, such a mistaken belief is not enough to satisfy the requirements of

---

[3]To the extent that opportunity to comply was solicited via her motion for reconsideration, we again note that White did not appeal the denial of that motion. Nor, in that motion or on appeal, did she proffer explanation 1) justifying her failure to request opportunity to present the requisite evidence or argument at the October 8th hearing or 2) illustrating that the evidence or argument was somehow unavailable at the time.

§13.01(g).  *Walker v. Gutierrez,* 111 S.W.3d 56, 64-65 (Tex. 2003); *Kirksey v. Marupudi,* 07-03-0076-CV, 2003 Tex. App. LEXIS 10852 at *10 (Tex. App.–Amarillo December 30, 2003, no pet.).  Consequently, we overrule this issue as well.

Having overruled each issue of White, we affirm the order of dismissal.


Brian Quinn
Chief Justice

6