NO. 07-06-0399-CR



IN THE COURT OF APPEALS



FOR THE SEVENTH DISTRICT OF TEXAS



AT AMARILLO



PANEL B



JANUARY 30, 2007



______________________________




THERESE ANN LADD, 



 Appellant


v.



THE STATE OF TEXAS, 



 Appellee


_________________________________



FROM THE 251ST DISTRICT COURT OF RANDALL COUNTY;



NO. 18189-C; HON. PATRICK A. PIRTLE, PRESIDING



_______________________________



Before QUINN, C.J., and CAMPBELL and HANCOCK, JJ. 

 Therese Ann Ladd appeals from a judgment convicting her of failing to comply with
the sex offender registration requirements. We affirm.

 Appellant was initially convicted of aggravated sexual assault of a child and
indecency with a child by contact. She was subsequently charged with failing to register
as a sex offender within 90 days as required by law. She pled true to that allegation
without a recommendation as to punishment. 

 Appellant's counsel has now moved to withdraw, after filing a brief pursuant to
Anders v. California, 386 U.S. 738, 87 S.Ct. 1396, 18 L.Ed.2d 493 (1967), representing he
has searched the record and found no arguable grounds for reversal. The motion and brief
illustrate that counsel notified appellant of her right to file her own brief. So too did we
inform appellant that any pro se response or brief she cared to file had to be filed by
January 29, 2007. To date, no response or request for extension of time to file a response
has been received. 

 In compliance with the principles enunciated in Anders, appellate counsel discussed
two potential areas for appeal. They involve 1) whether appellant was afforded due
process at her plea hearing, and 2) the effectiveness of trial counsel. However, counsel
has satisfactorily explained why each argument lacks merit. 

 We have also conducted our own review of the record to assess the accuracy of
appellate counsel's conclusions and to uncover any reversible error pursuant to Stafford
v. State, 813 S.W.2d 503 (Tex. Crim. App. 1991). Our own review has failed to reveal
such error. 

 Accordingly, the motion to withdraw is granted, and the judgment is affirmed.


 Brian Quinn 

 Chief Justice

Do not publish. 



les DefLockedState="false" DefUnhideWhenUsed="true"
 DefSemiHidden="true" DefQFormat="false" DefPriority="99"
 LatentStyleCount="267">
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 









NO. 07-08-0312-CV

 

IN THE COURT OF APPEALS

 

FOR THE SEVENTH DISTRICT OF TEXAS

 

AT AMARILLO

 

PANEL C

 

DECEMBER 6, 2010

 

______________________________

 

 

ANOTHER ATTIC, LTD., APPELLANT

 

V.

 

PLAINS BUILDERS, INC., WENDY WHITE, AS INDEPENDENT
EXECUTRIX OF 

THE ESTATE OF G. TIM WHITE, FORMERLY D/B/A WHITE
ASSOCIATES ARCHITECTURE, AND CHAVEZ CONCRETE COMPANY, APPELLEES

 

 

_________________________________

 

FROM THE 64TH DISTRICT COURT 646646464DISTRICT COURT OF HALE
COUNTY;

 

NO. A33892-0502, HONORABLE ROBERT KINKAID, JUDGE

 

_______________________________

 

Before QUINN, C.J., and HANCOCK and PIRTLE, JJ.

MEMORANDUM OPINION

            Appellant, Another
Attic, Ltd. ("Another Attic"), a limited liability partnership,
appeals from a judgment rendered in favor of Appellees, Plains Builders, Inc.
("Plains Builders"), Wendy White, as Independent Executrix of the
Estate of G. Tim White, formerly d/b/a White Associates Architecture
("White"), and Chavez Concrete Company ("Chavez"), in a
contract dispute lawsuit arising out of a written contract.  By eight issues, Another Attic questions the
liability determination (Issues 1 through 4), the
legal sufficiency of the damages (Issue 5), the trial court's finding that the
contract was unambiguous (Issue 6), its failure to submit certain instructions
and questions (Issue 7), and its award of attorney's fees (Issue 8).  We modify the judgment and affirm as
modified.

Factual Background

            In 2004, Plains Builders and Another
Attic executed a written contract for the construction of a mini-storage
facility in Plainview, Texas.  Plains
Builders subcontracted the architect-related work to White and concrete work to
Chavez.  Construction began in May of
that year; however, towards the end of construction, disputes arose about the
work being performed by Plains Builders. 
By a letter dated October 8, 2004, Another Attic directed Plains
Builders to cease work, which it did.  Plains
Builders contended that, at the time it was ordered off the project, Another
Attic owed it $57,938 under the terms of the contract.  According to Plains Builders this sum was
calculated by deducting from the full contract price, the sum of the amounts
already paid plus the value of work that was not performed by Plains Builders
due to Another Attic's termination of the contract.[1]  Another Attic refused to pay this sum and on
February 4, 2005, Plains Builders filed suit for breach of contract for failure
to pay, declaratory judgment as to substantial completion, and enforcement of
its statutory mechanic's and materialmen's lien.  Asserting lack of substantial completion,
Another Attic filed multiple counterclaims against Plains Builders, as well as
a third-party claim against two of the subcontractors, the architect, White,
and the concrete provider, Chavez. 
Another Attic contended the work performed was so defective the alleged
deficiencies could not be remedied without having the entire facility torn down
and rebuilt.  Another Attic also
contended that certain provisions of the contract were ambiguous.   

            On April 5, 2008, the
trial court submitted the dispute to a jury based upon thirteen questions.  The first two questions dealt with the issue
of contract liability, as it pertained to the dispute between Another Attic and
Plains Builders.  As submitted to the
jury, questions one and two, together with the jury's verdict, provided as
follows:

QUESTION NO.
1

Did ANOTHER ATTIC fail to comply with the construction
contract?

            You
are instructed that a "failure to comply" is an unjustified failure
or refusal of one of the parties to the contract to perform all or part of what
is promised in the contract.  Failure to
comply by Another Attic would be excused by a previous failure by Plains
Builders to comply with a material obligation of the same agreement.  A failure to comply must be material.  A "failure to comply" becomes
material when it deprives the injured party of any substantial benefit which
the injured party could reasonably have anticipated.  The less the non-breaching party is deprived
of expected benefit, the less material the breach.

Answer "Yes" or "No"

Answer:   Yes­­  

QUESTION NO.
2

Did PLAINS BUILDERS fail to comply with the
construction contract?

            You
are instructed that a "failure to comply" is an unjustified failure
or refusal of one of the parties to the contract to perform all or part of what
is promised in the contract.  Failure to
comply by Plains Builders would be excused by a previous failure by Another
Attic to comply with a material obligation of the same agreement.  A "failure to comply" must be
material.  A "failure to
comply" becomes material when it deprives the injured party of any
substantial benefit which the injured party could have [sic] reasonably have
anticipated.  The less the non-breaching
party is deprived of expected benefits, the less material the breach.

Answer "Yes" or "No"

Answer:   No_­­  

            Another Attic did not
object to the submission of these liability questions or the corresponding
instructions in any respect material to this appeal.  By these issues the jury was asked to
determine whether Another Attic and/or Plains Builders materially breached the
contract.  Simply stated, the jury
decided that Another Attic did (excusing Plains Builders from further
performance) and that Plains Builders did not (thereby rejecting Another
Attic's defective construction claims).  

            Having found that
Another Attic had breached the contract in question (Question No. 1), and that
Plains Builders had not (Question No. 2), the jury concluded that as a result
thereof, Plains Builders had been damaged in the sum of $57,938 (Question No.
3).  The jury also found that neither
White, nor Chavez, had negligently damaged Another Attic (Question Nos. 10 and
12, respectively).  Due to their
conditional submission, the remaining jury questions were unanswered.  Following cross-motions for judgment, on July
15, 2008, the trial court entered judgment that Plains Builders recover of and
from Another Attic the sum of $57,938, plus attorney's fees, pre-judgment
interest and costs of court, together with foreclosure of its mechanic's and
materialmen's lien.  The judgment further
provided that Another Attic take nothing as to White
and Chavez and that it recover costs of court from Another Attic.  

Substantial Performance
Versus Excused Performance

            A considerable portion of Another
Attic's arguments is predicated on the premise that Plains Builders's theory of
recovery was based upon the equitable doctrine of substantial performance.  At trial and on appeal, Another Attic has
pursued a theory that defects in the construction of the mini-storage facility
were so material they could not be remedied without the entire facility being
torn down and rebuilt.  Another Attic
posits that because substantial performance requires that any defects be
remediable without doing material damage to the structure, there can be no
substantial performance as a matter of law. 
Plains Builders counters this argument by contending that "this is
not a substantial performance case," or, alternatively, that the defects
that could not be remediated without doing material damage to the structure, if
any, were immaterial.  Plains Builders
further contends that this is a suit for "breach of contract, quantum
meruit and unjust enrichment."[2]  

            In an ordinary contract
case, a party who has materially breached a contract cannot maintain a suit on
the contract for its breach by the other party to the contract. Gulf Pipe Line Co. v. Nearen,
135 Tex. 50, 56, 138 S.W.2d 1065, 1068 (Tex. 1940).  However, in the area of construction
contracts, this strict rule has been relaxed by the equitable doctrine of
substantial performance which allows a breaching
party who has "substantially completed" a construction contract to sue
for the recovery of damages under that contract rather than being relegated to
a cause of action based on breach of contract and quantum meruit.  See Dobbins
v. Redden, 785 S.W.2d 377, 378 (Tex. 1990); Vance v. My Apartment Steak House of San Antonio,
Inc., 677 S.W.2d 480, 481 (Tex. 1984); RAJ
Partners, Ltd. v. Darco Constr. Corp., 217 S.W.3d 638, 643 (Tex.App.
--Amarillo 2006, no pet.). 
By definition, the doctrine recognizes that the contractor has breached
his obligations under the contract; and, accordingly, his recovery is decreased
by the cost of remedying those defects or omissions for which he is
responsible.  Vance, 677 S.W.2d at 482.  The doctrine also assumes that, if there is
substantial performance by the contractor, any breach by the contractor is
immaterial.  R.B. Hardy & Sons, Inc. v. Hoyer Global
(USA), Inc., No. 01-09-0041-CV, 2010 Tex.App. LEXIS
4373, at *18-19, (Tex.App.--Houston [1st Dist.] June
10, 2010, pet. filed).             

            Substantial performance
is not, however, the exclusive theory upon which a contractor can pursue
recovery in a dispute concerning a construction contract where that contractor
has not completed full performance of the contract.  Under the doctrine of repudiation, a party's further
performance under a contract is excused if the opposing party has repudiated
the contract.  Burford v. Pounders, 145 Tex. 460, 465-67, 199 S.W.2d 141, 144-45
(Tex. 1947).  A repudiation occurs when a
party absolutely repudiates the obligation, without just excuse, and the other
party is damaged by the repudiation.  Consumer Portfolio Servs. v. Obregon, No.
13-09-00548-CV, 2010 Tex.App. Lexis 8835, at *11-12, (Tex.App.--Corpus Christi
Nov. 4, 2010, no pet. h.) (mem.
op.).  Furthermore, in those situations
where the other party to the contract has materially breached the contract, the
contractor's failure to complete full performance may be excused.  Mustang
Pipeline Co. v. Driver Pipeline Co., 134 S.W.3d 195, 198 (Tex. 2004); Lazy M Ranch v. TXI Operation, LP, 978
S.W.2d 678, 680-81 (Tex.App.--Austin 1998, pet. denied).

            In cases where a
contractor has not fully performed his obligations under the contract, neither
the doctrine of substantial performance nor the doctrine of excused performance
permits the breaching contractor to recover the full consideration provided for
in the contract.  Where the theory of
recovery has been substantial performance, courts have limited the amount
recoverable by the contractor to "the contract price, less the reasonable
cost of remedying the defects or omissions in such a way as to make the
building conform to the contract."  Atkinson v. Jackson Bros., 270 S.W. 848,
851 (Tex. Comm'n App. 1925, holding approved). 
Where a contractor has failed to complete a construction contract
because full performance has been excused due to a material breach or
repudiation of the contract by the owner, courts have limited the amount
recoverable by the contractor to the damages suffered by reason of the breach
of contract.  Dankowski v. Cremona, 352 S.W.2d 334, 336 (Tex.App.--Eastland 1961,
writ ref'd n.r.e.)  Equity requires that
the contractor recover that amount of money which would place the contractor in
a position equivalent to that which he would have occupied if there had been no
breach, and the contract had been fully performed.  Id.  In such situations, the contractor is
entitled to recover the value of his work had the contract been completed, i.e.,
the contract price, less the value of any work not completed due to the
builder's repudiation or material breach. 
Dill v. Helms, 468 S.W.2d 608,
611 (Tex.App.--Waco 1971, writ ref'd n.r.e.).

Issue One

            By its first issue, Another Attic
contends the trial court erred by denying its motion for instructed verdict and
motion for judgment non obstante
veredicto because there was no substantial completion as a matter of law.   

            The
denial of a motion for instructed verdict may be reviewed on appeal only if that
ruling has been recited in a formal order or in the final judgment.  See
Wal-Mart Stores, Inc. v. Berry, 833 S.W.2d 587, 590 (Tex.App.--Texarkana
1992, writ denied).  The oral denial of a
directed verdict is insufficient to preserve error.  Id.  Because the denial of Another Attic's
motion for directed verdict is not contained in a written order of the trial
court, nothing is preserved for review.

             A trial court may disregard a jury finding and
enter a judgment non obstante veredicto ("JNOV")
if a directed verdict would have been proper, or if there is no evidence to
support one or more of the jury findings necessary to liability.  See
Tex. R. Civ. P. 301; Tiller v. McLure, 121
S.W.3d 709, 713 (Tex. 2003).  We review
the denial of a motion for JNOV under a "no evidence" standard,
meaning we credit evidence favoring the jury verdict if a reasonable juror
could, and disregard contrary evidence unless reasonable jurors could not.  City of
Keller v. Wilson, 168 S.W.3d 802, 823 (Tex. 2005).  The final test for legal sufficiency must
always be whether the evidence at trial would enable reasonable and fair-minded
people to reach the verdict under review.  Id.  at 827.  In our determination, we must uphold the
jury's finding if more than a scintilla of competent evidence supports it.  "No evidence" points must only be
sustained when the record discloses one of the following situations:  (a) a complete absence of evidence of a vital
fact; (b) the court is barred by rules of law or of evidence from giving weight
to the only evidence offered to prove a vital fact; (c) the evidence offered to
prove a vital fact is no more than a mere scintilla; (d) the evidence
establishes conclusively the opposite of the vital fact.  Id. at
810; King Ranch, Inc. v. Chapman, 118 S.W.3d 742, 751 (Tex. 2003), cert.
denied, 541 U.S. 1030, 124 S.Ct. 2097, 158 L.Ed.2d 711 (2004).    

            In
this case, the jury questions submitted track the Texas Pattern Jury Charge
recommended for a breach of contract case. 
Comm. On Pattern Jury Charges, State Bar of Tex., Texas Pattern Jury Charges - Business, Consumer, Insurance & Employment
PJC 101.2 (2008).  The instructions
following the submission of questions one and two also roughly follow the
instructions contained in PJC 101.22 pertaining to excused performance due to a
material breach of contract.  Id. at 101.22.  Neither question asked the jury to make a
finding on the issue of "substantial performance."  Nevertheless, Another Attic contends the
trial court erred in denying its motion for judgment non obstante veredicto because various
defects impaired the structure as a whole, preventing a finding of substantial
performance as a matter of law.  However,
under the theory of liability submitted to the jury, substantial performance was
not a vital fact.  Having chosen to
submit the issue to the jury as a straight breach of contract case, Another
Attic cannot now complain that the trial court erred in somehow not applying a
theory of recovery not presented to the jury.

            As
stated above, the liability issue was submitted to the jury by asking two basic
questions: (1) did Another Attic fail to comply with the contract, and (2) did
Plains Builders fail to comply with the contract?  In this case, the jury was presented with
evidence pertaining to alleged defects or omissions in seven particular areas:
(1) the location of steel in the concrete, (2) the adequacy of the concrete
finish work, (3) whether a cross walk was in violation of the Texas Accessibility
Standards, (4) whether a portion of the finished building lies within a
100-year flood plain, (5) whether the appropriate insulation was installed, (6)
the installation of a security gate, and (7) completion of landscaping.  The jury was presented with evidence from
both lay witnesses and experts concerning the existence and materiality of each of these alleged
defects.  The jury was also presented
with testimony concerning the value of the work not performed.    

            As
the issue was framed, based on the evidence presented, the jury could have
reasonably concluded that: (1) the alleged defects were not material, (2)
Another Attic was not justified in repudiating the contract, (3) Another
Attic's termination of the contract was a material breach of its obligations
under the contract, (4) Plains Builders was thus prevented from completing the remainder
of its obligations under the contract, (5) Another Attic's breach excused
Plains Builders from further performance, and (6) Plains Builders had allowed
an appropriate credit for work not completed. 
Accordingly, the record contains legally sufficient evidence to support
the jury's liability findings.  Issue one
is overruled.




 

Issues Two - Four

            By its next three
issues, Another Attic essentially contends the trial court erred by either
submitting questions one and two, or by accepting the jury's verdict thereto
because the findings are not supported by legally or factually sufficient
evidence. As stated above, we have already found that the evidence supporting
the jury's liability findings is legally sufficient.     

            An assertion that the
evidence is factually insufficient to support a fact finding means that the
evidence supporting the finding is so weak or the evidence to the contrary is
so overwhelming that the answer should be set aside and a new trial
ordered.  Garza v. Alviar,
395 S.W.2d 821, 823 (Tex. 1965).  In
reviewing factual sufficiency, the reviewing court must consider, examine, and
weigh all of the evidence in the record. 
Maritime Overseas Corp. v. Ellis, 971 S.W.2d 402, 406-07 (Tex.
1998), cert. denied, 525 U.S. 1017, 119 S.Ct. 541, 142 L.Ed.2d 450
(1998).  In doing so, the court no longer
considers the evidence in the light most favorable to the jury's finding;
instead, the court considers and weighs all the evidence and sets aside the
disputed finding only if it is so contrary to the great weight and
preponderance of the evidence as to be clearly wrong and unjust.  Id. at 407; Gooch
v. American Sling Co., 902 S.W.2d 181, 183-84 (Tex.App.BFort Worth 1995, no
writ).

            Having reviewed the
evidence in the light most favorable to the judgment, we cannot say that
reasonable and fair-minded people could not have reached the verdict in
question.  Furthermore, having reviewed
the evidence in a neutral light, we cannot say that the disputed findings are
so contrary to the great weight and preponderance of the evidence as to be
clearly wrong or unjust.              Accordingly, we conclude the
evidence was both legally and factually sufficient to support the jury's
affirmative finding as to Another Attic's breach and its negative finding as to
Plains Builders's breach.  Issues two,
three, and four are overruled.

Issue Five

            By its fifth issue, Another Attic contests the legal sufficiency of the jury's
determination of damages.  Specifically,
Another Attic contends there was no evidence regarding the cost of remediating
the "admitted defects."  Another
Attic contends that when a contractor seeks recovery on a substantial
performance theory, the contractor has the burden to prove the reasonable cost
of remedying the defects or omissions necessary to constitute complete
performance.  Again, Another Attic's
argument is erroneously predicated on the assumption that Plains Builders's
theory of recovery was based upon the equitable doctrine of substantial
performance.  

            Where, as here, the jury
found that Plains Builders did not breach its contractual obligation in any
material fashion; Plains Builders did not have the burden to prove the
reasonable cost of remediating any alleged defects.  Plains Builders was entitled to recover the
full unpaid contract price, less the value of any work not completed due to
Another Attic's initial breach of contract by wrongfully preventing full
performance.  Because evidence was
presented concerning the value of work not completed, Plains Builders met its
burden to establish it damages under the theory of recovery presented.  Issue five is overruled.

Issue Six

            By its sixth issue, Another Attic
contends the trial court erred in finding the contract in question to be
unambiguous on the issue of the insulation specifications.[3]  The only provision in the construction
contract signed by the parties pertaining to insulation provides as follows:

 

 

All roof and
separation walls in the dust control areas will be insulated with 3"
fiberglass insulation with UL flamespread vapor
barrier.

 

 

Based on an exchange of pre-contract negotiation letters,
Another Attic contends the contract was ambiguous because its contracting agent
was operating under the belief that certain specifications were incorporated
into the contract.  Specifically, Another
Attic contends the contract incorporated language contained in a letter from
DCD Services, Inc. to Another Attic, which included the language
"Insulation: 3" VRR in roof only".  The trial court ruled that the construction
contract was not ambiguous and denied Another Attic's requested charge
regarding the ambiguity question.

            Whether
or not a contract is ambiguous is a question of law to be reviewed by an
appellate court pursuant to a de novo
review.  Kothmann v. Rothwell, 280 S.W.2d 877, 879 (Tex.App.--Amarillo 2009,
no pet.).  In conducting a de novo review, we exercise our own
judgment and determine each legal issue. 
Id.  If the written agreement is so worded that it
can be given a certain or definite legal meaning or interpretation, then it is
not ambiguous and the court will construe the contract as a matter of law.  Coker
v. Coker, 650 S.W.2d 391 (Tex. 1983). 
Here, the contractual provision pertaining to insulation, as set forth
above, is subject to one clear, certain and definite meaning or interpretation.  Accordingly, the trial court did not err in
finding the contract to be unambiguous as it pertains to the insulation
specifications.  Issue six is overruled.

Issue Seven

            By its seventh issue,
Another Attic contends the trial court erred by failing to submit to the jury
its questions pertaining to Plains Builders's contractual warranty and its duty
to supervise and perform the contract in a good and workmanlike manner.  During the charge conference, Another Attic's
attorney objected to the trial court's refusal to submit additional
instructions following Question No. Six.  Specifically, Another Attic argued that the
court's charge should contain language from the contract regarding Plains
Builders's warranty obligation to replace any defective materials and that the
failure to include that language would improperly prevent the jury from
considering the labor costs incident to replacement of defective materials.

            The jury's obligation to
answer Question No. Six was specifically predicated on an affirmative answer to
Question No. Two regarding whether or not Plains Builders had materially breached
its obligations under the construction contract.  Because the jury answered Question No. Two,
"No," it did not answer Question No. Six.  Therefore, any error in refusing Another Attic's
requested instructions following Question No. Six would have been
harmless.  See Tex. R. App. P. 44.1(a).  Issue seven is overruled.      

Issue Eight

            By its eighth and final issue,
Another Attic contends the trial court erred in awarding attorney's fees when
there was no evidence submitted regarding the qualifications and nature of work
performed by two paralegals/legal assistants assisting Plains Builders's
attorney, for which recovery was granted. 
Specifically, Another Attic contends that the award of attorney's fees
should be reduced by $3,086.25, because there was no evidence presented pertaining
to the work performed by the two paralegals/legal assistants other than their
hourly rate and number of hours expended.[4]

            An award of attorney's
fees may include a legal assistant's time to the extent that the work performed
"has traditionally been done by an attorney."  All Seasons
Window & Door Mfg. v. Red Dot Corp., 181 S.W.3d 490, 504
(Tex.App.--Texarkana 2005, no pet.) (quoting Clary Corp. v. Smith, 949 S.W.2d 452, 469 (Tex.App.--Fort Worth
1997, writ denied)).  To recover attorney's fees for work performed by legal
assistants, "the evidence must establish: (1) the qualifications of the
legal assistant to perform substantive legal work; (2) that the legal assistant
performed substantive legal work under the direction and supervision of an
attorney; (3) the nature of the legal work performed; (4) the legal assistant's
hourly rate; and (5) the number of hours expended by the legal assistant."  All
Seasons Window & Door Mfg., 181 S.W.3d at
504 (quoting Multi-Moto Corp. v. ITT
Commercial Fin. Corp., 806 S.W.2d 560, 570 (Tex.App.--Dallas 1990, writ
denied)).  

            Plains
Builders contends that, because the issue of attorney's fees was a matter
submitted to the trial court for determination under the broad discretion
afforded a trial court pursuant to section 38.004 of the Texas Civil Practices
and Remedies Code, the award should be affirmed because it may be presumed that
the court took judicial notice of usual and customary attorney's fees in making
its award.  See Lee v. Perez, 120 S.W.3d 463, 469 (Tex.App.--Houston [14th
Dist.] 2003, no pet.).  While section
38.004 may permit a judge to take judicial notice of usual and customary
attorney's fees, it does not permit a judge to take judicial notice of the
qualifications of a particular paralegal/legal assistant to perform substantive
legal work, or whether that paralegal/legal assistant actually performed work
traditionally performed by an attorney. 
Accordingly, we modify the judgment to reduce the attorney's fees
awarded to Plains Builders by the sum of $3,086.25.   

Conclusion

            Having overruled issues one through seven
and having modified the judgment to reduce the recovery of attorney's fees
pursuant to issue eight; the judgment of the trial court is affirmed as
modified.

 

                                                                                      Per Curiam

 











[1]Plains
Builders contends that it allowed credit to Another Attic for items of work
that had not yet been completed at the time it was ordered off the job.  Specifically, Plains Builders offered
evidence that it allowed credit for its "cost plus all markup"
relating to installation of the gate operating system, landscaping, and
sprinklers.





[2]Plains
Builders's quantum meruit and unjust enrichment claims were not submitted to
the jury.





[3]In
both its Statement of the Case and Summary of Argument, Another Attic
references two alleged items of ambiguity in the contract: (1) the insulation
specifications and (2) the gate operating system.  Because Another Attic's brief presents no
arguments and no record references to any ambiguity concerning the gate
operating system, that argument is inadequately briefed and is, therefore,
waived.  See Tex. R. App. P.
38.1(h); White v. Baptist St. Anthony's Hosp., 188 S.W.3d 373, 374 (Tex.App.--Amarillo 2006, pet denied).





[4]The
statements attached to the Affidavit in
Support of Plaintiff's Attorney's Fees submitted to the trial court include
entries for paralegal/legal assistants, C. Y. Hopkins and R. J. Brashears,
totaling $3,067.50 and $18.75, respectively. 
The affidavit does not otherwise discuss their qualifications or the
work done.